25 CV 2397 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Plaintiffs 1-3, on behalf of themselves and all others similarly situated,

*Plaintiff*s,

- against -

THE CITY OF NEW YORK; JESSICA S. TISCH, Police Commissioner for the City of New York, in her official capacity; JOSEPH KENNY, Chief of Detectives for the New York City Police Department, in his official capacity; and JOHN HART, Assistant Chief of Intelligence for the New York City Police Department, in his official capacity;

*Defendants*.

**DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION AND TO PROCEED ANONYMOUSLY AND DEFENDANTS' MOTION TO DISMISS AND STAY DISCOVERY**

MURIEL GOODE-TRUFANT
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Tisch, Kenny, and Hart*
100 Church Street
New York, New York 10007
(212) 356-2368

Of Counsel: Kathleen D. Reilly, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

STANDARD OF REVIEW .................................................................................................... 2

ARGUMENT ..................................................................................................................... 3

POINT I ......................................................................................................................... 3

      PLAINTIFFS FAIL TO MEET THE RULE 23(B)(2) STANDARD
      FOR CLASS CERTIFICATION ................................................................................... 3

POINT II ........................................................................................................................ 7

      CLASS CERTIFICATION SHOULD BE DENIED BECAUSE
      MEMBERSHIP IN THE PLAINTIFF CLASS REQUIRES
      INDIVIDUALIZED FACTUAL INQUIRIES ..................................................................... 7

POINT III ...................................................................................................................... 10

      PLAINTIFFS FAIL TO ALLEGE COMMISSIONER TISCH,
      CHIEF KENNY, OR RETIRED ASSISTANT CHIEF HART'S
      PERSONAL INVOLVEMENT ...................................................................................... 10

POINT IV ...................................................................................................................... 12

      PLAINTIFFS' CLAIMS FAIL AND SO THE COMPLAINT
      MUST BE DISMISSED ............................................................................................ 12

            A.   Plaintiffs' Federal Claims Fail as a Matter of
            Law ...................................................................................................... 12

            B.   Plaintiffs' State Law Claims Fail as a Matter of
            Law ...................................................................................................... 14

POINT V ........................................................................................................................ 16

      PLAINTIFFS MOTION TO PROCEED ANONYMOUSLY
      SHOULD BE DENIED ............................................................................................. 16

            A.   No "Highly Sensitive and Personal
            Information" at Issue (Factor 1) ............................................................ 17

i

B.    Neither Risk of Retaliatory Harm to Plaintiffs or Non-Parties, Nor Likelihood or Severity of Other Harm (Factors 2 and 3) ................................................. 18

C.    Plaintiffs Are Not "Particularly Vulnerable" (Factor 4) ........................................................................ 19

D.    Public Interest Is Furthered by Disclosure, and the Nature of the Issues Presented Are Not "Purely Legal" (Factors 8 and 9) ............................................. 20

E.    Defendants Are Prejudiced by Anonymity (Factor 6) ........................................................................ 21

F.    Alternative Methods for Confidentiality Irrelevant (Factor 10) ............................................... 22

G.    Suit Is Challenging the Government (Factor 5) ............... 23

H.    Plaintiffs Have Been Kept Confidential (Factor 7)    ................................................................. 23

POINT VI ................................................................................. 24

THE FULLY DISPOSITIVE NATURE OF DEFENDANTS' MOTION WARRANTS A STAY OF DISCOVERY .......................................... 24

CONCLUSION ................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Amnesty Am. v. Town of W. Hartford,
  361 F.3d 113 (2d Cir. 2004)..................................................................14

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...........................................................................2, 3

Berni v. Barilla S.P.A.,
  964 F.3d 141 (2d Cir. 2020).....................................................................4

Brown v. Sega Amusements, U.S.A., Inc.,
  No. 13 Civ. 7558 (RMB)(HBP), 2015 U.S. Dist. LEXIS 28442
  (S.D.N.Y. Mar. 9, 2015) .........................................................................7

Burley v. City of New York,
  No. 03 Civ. 735, 2005 U.S. Dist. LEXIS 4439 (S.D.N.Y. Mar. 23, 2005) ..............7

City of Canton v. Harris,
  489 U.S. 378 (1989)............................................................................14

City of Los Angeles v. Lyons,
  461 U.S. 95(1983).......................................................................... *passim*

Daniels v. City of New York,
  198 F.R.D. 409 (S.D.N.Y. 2001) ...............................................................7

Doe v. Alexander,
  No. 25 Civ. 2077 (JPC), 2025 U.S. Dist. LEXIS 109240
  (S.D.N.Y. June 9, 2025)........................................................................16

Doe v. Branca USA, Inc.,
  No. 22 CV 3806 (LJL), 2022 U.S. Dist. LEXIS 124177
  (S.D.N.Y. July 13, 2022) .......................................................................17

Doe v. City of New York,
  201 F.R.D. 100 (S.D.N.Y. 2001) ..............................................................23

Doe v. Combs,
  No. 23 CV 10628, 2024 U.S. Dist. LEXIS 35495 (S.D.N.Y. Feb. 29, 2024) .........21

Doe v. Leonelli,
  No. 22 CV 3732 (CM), 2022 U.S. Dist. LEXIS 100895
  (S.D.N.Y. June 6, 2022) ....................................................................17, 20

Doe v. McLellan,
No. CV 20-5997 (GRB) (AYS), 2020 U.S. Dist. LEXIS 232551
(E.D.N.Y. Dec. 10, 2020) ...............................................................................17, 18, 19, 20

Doe v. Salina,
No. 23 CV 3529 (JMW), 2024 U.S. Dist. LEXIS 53006
(E.D.N.Y. Mar. 25, 2024) ...............................................................................................19

Doe v. Shakur,
164 F.R.D. 359 (S.D.N.Y. 1996) ....................................................................................17

Doe v. Skyline Autos. Inc.,
375 F. Supp. 3d 401 (S.D.N.Y. 2019)........................................................................18, 19

Doe v. United States,
No. 16 CV 7256 (JGK), 2017 U.S. Dist. LEXIS 83745
(S.D.N.Y. May 31, 2017)................................................................................................23

Doe v. Weinstein,
484 F. Supp. 3d 90 (S.D.N.Y. 2020).........................................................................20, 22

Feinberg v. City of New York,
No. 09 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098
(S.D.N.Y. Aug. 13, 2004) ...............................................................................................15

Fogarazzo v. Lehman Bros.,
232 F.R.D. 176 (S.D.N.Y. 2005) ......................................................................................8

Forman v. Data Transfer,
164 F.R.D. 400 (E.D. Pa. 1995).........................................................................................8

Freedom from Religious Found., Inc. v. Connellsville Area Sch. Dist.,
2013 U.S. Dist. LEXIS 73584 (W.D. Pa. May 24, 2013)......................................................23

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008)................................................................................................2

Greene v. City of New York,
773 F. Supp. 3d 94 (S.D.N.Y. 2025).................................................................................10

Gunn v. Annucci,
No. 20 CV 02004 (PMH), 2021 U.S. Dist. LEXIS 82284
(S.D.N.Y. Apr. 29, 2021)................................................................................................10

Hardy v. N.Y.C. Health & Hosp. Corp.,
164 F.3d 789 (2d Cir. 1999)............................................................................................15

Haus v. City of New York,
No. 03 Civ. 4915 (RWS) (MHD), 2011 U.S. Dist. LEXIS 155735
(S.D.N.Y. Aug. 31, 2011) ................................................................................7, 9

Heggs v. City of New York,
No. 17 CV 3234 (DG) (TAM), 2023 U.S. Dist. LEXIS 149647
(E.D.N.Y. Aug. 24, 2023) ...........................................................................4

Hnot v. Willis Group Holdings Ltd.,
228 F.R.D. 476 (S.D.N.Y. 2005) ...............................................................8

Hunter v. Time Warner Cable Inc.,
No. 15 CV 6445 (JPO), 2019 U.S. Dist. LEXIS 137495
(S.D.N.Y. Aug. 14, 2019) .........................................................................4

Jenkins v. City of New York,
478 F.3d 76 (2d. Cir. 2007) ......................................................................14

Johnson v. City of New York,
No. 15 Civ. 8195 (GHW), 2017 U.S. Dist. LEXIS 81359
(S.D.N.Y. May 26, 2017) ..........................................................................15

Jones v. Town of East Haven,
691 F.3d 72 (2d Cir. 2012) ........................................................................14

Lawson v. Rubin,
No. 17 CV 6404 (BMC), 2018 U.S. Dist. LEXIS 238295
(E.D.N.Y. Mar. 7, 2018) ...........................................................................24

Luedke v. Delta Airlines,
155 B.R. 327 (S.D.N.Y. 1993) ..................................................................8

MacIsaac v. Town of Poughkeepsie,
770 F. Supp. 2d 587 (S.D.N.Y. 2011) ......................................................5

MacNamara v. City of New York,
275 F.R.D. 125 (May 19, 2011) .........................................................5, 6, 10, 13

Malibu Media, LLC v. Doe,
2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. Oct. 16, 2015) .......................20

Mann v. TD Bank, N.A.,
No. 09 CV 1062, 2010 U.S. Dist. LEXIS 112085
(D.N.J. Oct. 20, 2010) ...............................................................................8

Marsh v. Williams,
No. 22 Civ. 8920 (JPC), 2023 U.S. Dist. LEXIS 34161
(S.D.N.Y. Feb. 27, 2023) ..........................................................................24

Matthews v. N.Y. State Dept. of Corrections & Community Supervision,
   2018 WL 11697266 (N.D.N.Y. Oct 19, 2018) ........................................................18

McLennon v. City of New York,
   171 F. Supp. 3d 69 (E.D.N.Y. 2016) .....................................................................5

Medina v. City of New York,
   No. 19 Civ. 9412 (AJN), 2020 U.S. Dist. LEXIS 222887
   (S.D.N.Y. Nov. 30, 2020) ....................................................................................12

Mike v. Safeco Ins. Co. of America,
   223 F.R.D. 50 (D. Conn. 2004).............................................................................8

Morales v. City of New York,
   No. 24 CV 1866 (HG), 2025 LX 271760 (E.D.N.Y. July 25, 2025)......................11

In re New York City Policing During Summer 2020 Demonstrations,
   548 F. Supp. 3d 383 (S.D.N.Y. 2021)..................................................................11

O'Shea v. Littleton,
   414 U.S. 488 (1974)..............................................................................................4

Pembaur v. City of Cincinnati,
   475 U.S. 469 (1986)............................................................................................11

Perkins v. City of New York,
   No. 14 Civ. 3779 (WHP), 2017 U.S. Dist. LEXIS 37046
   (S.D.N.Y. Mar. 15, 2017) ...................................................................................16

Plaintiffs #1-21 v. Cty. of Suffolk,
   138 F. Supp. 3d 264 (E.D.N.Y. 2015) .................................................................23

Rapp v. Fowler,
   537 F. Supp. 3d 521 (S.D.N.Y. 2021)..................................................................21

Reynolds v. Giuliani,
   506 F.3d 183 (2d Cir. 2007)..................................................................................6

Sealed Plaintiff v. Sealed Defendant #1,
   537 F.3d 185 (2d Cir. 2008).................................................................16, 17, 20

Shain v. Ellison,
   356 F.3d 211 (2d Cir. 2004)..........................................................................3, 4, 12

Sikhs for Just. v. Mann.,
   2023 U.S. Dist. LEXIS 62770 (S.D.N.Y. Apr. 10, 2023).......................................23

Tangretti v. Bachmann,
     983 F.3d 609 (2d Cir. 2020)..................................................................11

Tieman v. City of Newburgh,
     No. 13 CV 4178 (KMK), 2015 U.S. Dist. LEXIS 38703
     (S.D.N.Y. Mar. 26, 2015) ......................................................................14

Williams v. N.Y. State Office of Mental Health,
     No. 10 CV 1022 (SLT) (JO), 2011 U.S. Dist. LEXIS 61266
     (E.D.N.Y. June 8, 2011) ........................................................................24

Zunzurovski v. Finger,
     No. 23 CV 4883 (VM), 2023 U.S. Dist. LEXIS 187066
     (S.D.N.Y. Oct. 12, 2023) ...................................................................24, 25

**Statutes**

N.Y. GEN. MUN. LAW § 50-i.........................................................................15

N.Y. GEN. MUN. LAW § 50-e........................................................................15

**Rules**

FED. R. CIV. P. 12(b)(6) ..............................................................................1, 2

FED. R. CIV. P. 23(b)(2) ...........................................................................*passim*

FED. R. CIV. P. 23(b)(3)................................................................................3, 8

FED. R. CIV. P. 26(c) ....................................................................................24

## PRELIMINARY STATEMENT

Defendants City of New York ("City"), Police Commissioner Jessica S. Tisch, Chief of Detectives Joseph Kenny, and retired Assistant Chief of Intelligence John Hart ("Defendants") respectfully submit this consolidated memorandum of law (i) opposing plaintiffs' motion for certification of a plaintiff class under FED. R. CIV. P. 23(b)(2); (ii) seeking dismissal pursuant to FED. R. CIV. P. 12(b)(6); and (iii) opposing plaintiffs' motion to proceed anonymously.

The "John Doe" plaintiffs -- who seek to proceed anonymously while also serving as class representatives – fail to satisfy the requirements of FED. R. CIV. P. 23(b)(2). Specifically, plaintiffs seek injunctive and declaratory relief based only on speculative future harm, which clearly warrants denial of class certification. As the Complaint sets forth only class allegations, and as plaintiffs fail to allege any personal involvement by the individual defendants or any municipal liability, denial of plaintiffs' motion for class certification necessarily results in the dismissal of the Complaint pursuant to FED. R. CIV. P. 12(b)(6). Moreover, the "John Doe" plaintiffs fail to sufficiently argue the need to proceed anonymously, an exceedingly high threshold for extraordinary relief, and so their request to proceed anonymously should also be denied. In light of the fully-dispositive nature of Defendants' briefing, Defendants also seek a stay of discovery pending the outcome of the instant motion practice. As such, Defendants request that the Court deny plaintiffs' motions for class certification and to proceed anonymously in their entireties, and grant Defendants' motion to dismiss the Complaint.

## STATEMENT OF FACTS

Plaintiffs "Adam," "Bryan," and "Chris" bring this putative class action, seeking to end what they allege to be "the New York City Police Department's ("NYPD" or "Department") unconstitutional practice of disparately criminalizing and targeting tens of thousands of Black and Latino New Yorkers by placing their names in the Department's Criminal

- 1 -

Group Database." Compl., ¶1. The John Doe plaintiffs, who seek to proceed anonymously, allege that the Database is used to arbitrarily label New Yorkers as members of criminal groups, and that this information is then disseminated throughout the Department for officers to surveil, detain, and interrogate the misidentified gang members in violation of, *inter alia*, the First, Fourth, and Fourth Amendments. Id.

On or about April 30, 2025, plaintiffs filed the Complaint in this action. ECF No. 1 ("Compl."). Concurrently therewith, plaintiffs also filed motions for class certification and to proceed anonymously. ECF Nos. 2 ("Class Motion") and 3 ("Anon. Motion"). Despite being filed, neither motion was properly served on Defendants. Nevertheless, Defendants now oppose both motions and seek dismissal of the Complaint in its entirety, with prejudice.

## STANDARD OF REVIEW

Under FED. R. CIV. P. 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Id. In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Consistent with the holdings in Iqbal and Twombly, the Second Circuit has held that a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted).

Two elements will determine whether a complaint will survive a motion to dismiss. ***First***, the "tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. ***Second***, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id.

Turning to the instant case, the Court should grant Defendants' motion to dismiss in its entirety, as plaintiffs' motion for class certification pursuant to FED. R. CIV. P. 23(b)(2) fails as a matter of law and must be denied. And for the reasons set forth herein, the Court should also deny plaintiffs' motion to proceed anonymously.

## ARGUMENT

### POINT I

### PLAINTIFFS FAIL TO MEET THE RULE 23(b)(2) STANDARD FOR CLASS CERTIFICATION

To certify a class under FED. R. CIV. P. 23(b)(2),[1] a plaintiff must show that defendants "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Id. "In order to meet the constitutional minimum of standing to seek injunctive relief, [plaintiffs] must carry the burden of establishing that '[they]' ha[ve] sustained or [are] immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) (City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)).

---

[1] Plaintiffs do not seek to certify a damages class under Rule 23(b)(3). The only damages sought are those on behalf of the three class representatives in their individual capacities.

- 3 -

Plaintiffs "'cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] . . . will be injured in the future.'" Shain, 356 F.3d at 215 (quoting DeShawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998)) (holding a plaintiff "must demonstrate *both* a likelihood of future harm *and* the existence of an official policy or its equivalent.").

"Where there is no likelihood of future harm, there is no standing to seek an injunction, and so no possibility of being certified as a Rule 23(b)(2) class." Berni v. Barilla S.P.A., 964 F.3d 141, 149 (2d Cir. 2020). Moreover, "plaintiff's past injuries 'do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way.'" Hunter v. Time Warner Cable Inc., No. 15 CV 6445 (JPO), 2019 U.S. Dist. LEXIS 137495, at *46-47 (S.D.N.Y. Aug. 14, 2019) (internal citation omitted); see Heggs v. City of New York, No. 17 CV 3234 (DG) (TAM), 2023 U.S. Dist. LEXIS 149647, at *25 (E.D.N.Y. Aug. 24, 2023) ("a plaintiff seeking 'forward-looking, injunctive relief' must establish 'a material risk of future harm,' i.e., harm 'sufficiently imminent and substantial' to justify such a remedy.") (internal citation omitted).

The Supreme Court has held that for injunctive or declaratory relief, "[a]bstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Lyons, 461 U.S. at 101-02; see O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

Lyons is a similar case where plaintiffs sought injunctive relief in connection with police practices – there, plaintiff argued standing based on his fear that, having been subjected to an illegal chokehold once before, it would happen again given the extensive use of chokeholds by the Los Angeles police. See generally id. But the Supreme Court found the risk that plaintiff

would come into contact with the police and suffer a subsequent unlawful chokehold was speculative in nature and insufficient to confer equitable standing. Id. at 109. Indeed, Courts in this Circuit have repeatedly confirmed that the likelihood of future unconstitutional treatment by the police in the course of a detention or arrest is too speculative to confer standing. See, e.g., MacIsaac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 601 (S.D.N.Y. 2011) (plaintiff's claim that he would be stopped, arrested and subjected to a Taser gun again was speculative, and injunctive relief therefore denied); McLennon v. City of New York, 171 F. Supp. 3d 69, 105 (E.D.N.Y. 2016) (plaintiffs alleging suspicionless searches and seizures at *de facto* vehicle checkpoints denied standing for injunctive relief where likelihood of similar alleged constitutional harm by NYPD in future was too speculative); MacNamara v. City of New York, 275 F.R.D. 125, 140-141 (May 19, 2011) (denying class certification as plaintiffs could make only a speculative showing of future harm from alleged NYPD practices in question).

Moreover, courts have denied standing for injunctive relief and found future similar harm still too speculative even when plaintiffs have expressed an intention to engage in future, similar activities to those that allegedly caused them past harm. In MacNamara, the Court denied Rule 23(b)(2) class certification where plaintiffs sought declaratory and injunctive relief because the alleged future harm of potential arrest at future demonstrations was "'too speculative and conjectural to supply a predicate for prospective injunctive relief.'" 275 F.R.D. at 140 (quoting Shain, 356 F.3d at 216). Plaintiffs were arrested during the 2004 RNC Convention protests and sought to enjoin certain allegedly "unconstitutional" practices employed by the NYPD in effecting mass arrests during protests. Id. The Court found plaintiffs lacked standing because they could make only a speculative showing of future harm from the practices in question, even when putative class members had "indeterminate future plans to participate in New York

City protests," presumably bringing them into contact with the NYPD and the complained-of practices in the future. Id. at 140-41. The Court still found plaintiffs' alleged future harm too speculative for injunctive relief. Id. at 141.

Plaintiffs here claim there is "a real and immediate threat [] that the rights of Plaintiffs and the Plaintiff Class will continue to be violated in the future by the NYPD's official policies and widespread practices." Compl., ¶407. But this purported harm is highly speculative. As an initial matter, this claim presupposes that no individuals in the Database are in fact members of a gang," "crew," or "criminal group" – which would be an outlandish claim that plaintiffs cannot possibly be making. Thus, while the Complaint argues the lack of specificity or consistency in defining these "criminal groups," plaintiffs do not, and cannot, allege that gangs do not exist. The NYPD would have cause to include actual gang members in the Database.

The injunctive relief plaintiffs seek also requires that every member of the class is aware of their inclusion in the Database. If the putative class members are not aware they have been added to the Database, they cannot claim any "real and immediate threat" of future harm. Similarly, members of the putative class cannot claim any threat of future injury based on inclusion in the Database if there were grounds for their prior – or any future – detention or arrest. Moreover, the diverse circumstances surrounding the treatment of the three "named" plaintiffs cannot be the basis for uniform conduct on the defendants' part to act or refuse to act on grounds generally applicable to the class.

Rule 23(b)(2) class certification should also be denied because prospective injunctive relief against a municipality cannot be awarded unless there is municipal policy or custom attributable for the alleged misconduct. See Reynolds v. Giuliani, 506 F.3d 183, 191 (2d Cir. 2007) ("attribution of misconduct to a municipal policy or custom" is required "in suits

seeking monetary, declaratory <u>or</u> injunctive relief."); <u>see also</u> <u>Haus v. City of New York</u>, No. 03 Civ. 4915 (RWS) (MHD), 2011 U.S. Dist. LEXIS 155735, at *323 (S.D.N.Y. Aug. 31, 2011) (recommending denial of 23(b)(2) class since "there would seem to be little or no rationale for a suit designed to enjoin false arrests" absent evidence of a NYPD policy or practice). Plaintiffs fail to identify any current municipal policy or practice by which Black and Hispanic individuals are discriminated as a result of their entry into the Database to the exclusion of white individuals. <u>See generally</u>, Compl. Plaintiffs make only vague and general references to "[o]fficial NYPD policy," Compl., ¶177; "policy and practice," <u>id.</u> at ¶211; and "official Departmental policy," <u>id.</u> at ¶247. Absent any basis for municipal liability, no prospective relief can be awarded and there can be no basis for FED. R. CIV. P. 23(b)(2) class. <u>See also</u>, <u>infra</u> Point IV(A).

## POINT II

### CLASS CERTIFICATION SHOULD BE DENIED BECAUSE MEMBERSHIP IN THE PLAINTIFF CLASS REQUIRES INDIVIDUALIZED FACTUAL INQUIRIES

Rule 23 "'contains an implicit requirement that the proposed class be precise, objective and presently ascertainable.'" <u>Brown v. Sega Amusements, U.S.A., Inc.</u>, No. 13 Civ. 7558 (RMB)(HBP), 2015 U.S. Dist. LEXIS 28442, at *8 (S.D.N.Y. Mar. 9, 2015) (quoting <u>Burley v. City of New York</u>, No. 03 Civ. 735, 2005 U.S. Dist. LEXIS 4439, at *25 (S.D.N.Y. Mar. 23, 2005)). "'[A] proposed class must be clearly defined so that it is 'administratively feasible for a court to determine whether a particular individual is a member.'" <u>Burley</u>, 2005 U.S. Dist. LEXIS 4439, at *25 (quoting <u>Daniels v. City of New York</u>, 198 F.R.D. 409, 414 (S.D.N.Y. 2001)). "The court must be able to make this determination without having to 'answer numerous fact-intensive questions.'" <u>Daniels</u>, 198 F.R.D. at 414 (internal citation omitted). This implicit requirement of Rule 23 "is often referred to as the "definiteness requirement." <u>Burley</u>, 2005 U.S. Dist. LEXIS 4439, at *26. If this requirement is not met, it cannot be said that a class exists at all.

A class must also only be certified where the Court can look to objective criteria to make its determination. See, e.g., Fogarazzo v. Lehman Bros., 232 F.R.D. 176, 181 (S.D.N.Y. 2005) ("An identifiable class exists if its members can be ascertained by reference to objective criteria."); Hnot v. Willis Group Holdings Ltd., 228 F.R.D. 476, 481 (S.D.N.Y. 2005) ("A class is ascertainable when defined by objective criteria that are administratively feasible, without a subjective determination."). A class must not be certified where the District Court has to perform individualized fact specific inquiries to determine class membership. See Luedke v. Delta Airlines, 155 B.R. 327, 329-32 (S.D.N.Y. 1993). Courts in this Circuit disfavor class definitions that "require[] addressing the central issue of liability in a case" to determine membership since the membership inquiry "essentially require[s] a mini-hearing on the merits of each [plaintiff's] case." Forman v. Data Transfer, 164 F.R.D. 400, 403 (E.D. Pa. 1995); see Mann v. TD Bank, N.A., No. 09 CV 1062, 2010 U.S. Dist. LEXIS 112085, *38-40 (D.N.J. Oct. 20, 2010) (finding a proposed class "too indeterminate because it would require individual hearings to establish who qualifies as a class member"). "Where a threshold inquiry is necessary to determine class membership, the benefits to proceeding as a class action are eviscerated." Mike v. Safeco Ins. Co. of America, 223 F.R.D. 50, 54 (D. Conn. 2004). Plaintiffs here do not even attempt to bring a damages class under FED. R. CIV. P. 23(b)(3) – they only seek an injunctive class, likely because they realize the immense individualized undertaking that would be necessary to award damages to each class member. The same impossible undertaking also applies to their Rule 23(b)(2) class.

Here, plaintiffs define their injunctive class as "[a]ll Black and Latino people who have been, or will be, labelled as a member of a 'crew,' 'gang,' or 'criminal group,' and entered into the NYPD's Criminal Group Database." Compl., ¶408. This definition, however, is not a workable definition for class certification and is an insufficient basis upon which to grant

certification. Plaintiffs' class claims are limited to civil rights violations: violation of the Fourteenth Amendment right to equal protection and due process; violation of the First Amendment right to free speech, expression, and association; and excessive detention in violation of the Fourth Amendment. Compl., ¶¶411-443. Thus, in order to determine membership in the putative class, this Court would have to make individual determinations regarding each individual entered into the Database. The Court would need to evaluate whether (1) the purported class members were aware they were in the Database; (2) they had been detained or surveilled by the NYPD during the relevant time period; (3) such detention or surveillance was as a result of each individual's inclusion in the Database; and (4) they suffered damages in connection with that detention or surveillance. Simple inclusion in the Database alone is not sufficient for class membership here.

Indeed, it is possible – if not likely – that at least *some* of the putative class members were detained or arrested based on the existence of reasonable suspicion and/or probable cause. This would invalidate their membership in the class. To determine this, the Court will be forced to engage in mini-trials of each putative class member's allegations and those individuals who fall within plaintiffs' current class – *i.e.* Black and Latino individuals in the Database. At a minimum, the Court would have to determine the constitutionality of every stop, detention, and/or arrest, and if determined to be lawful, disqualify that member from the class. See Haus, 2011 U.S. Dist. LEXIS 155735 (as "[t]he lawfulness of each arrest requires an assessment of the circumstances surrounding it . . . there is not a common issue or set of issues that would be subject to triable dispute and would be dispositive of, or significant for, the resolution of the arrest claims that may be advanced by or on behalf of the members of the proposed class.").

Lastly, and perhaps most obviously, it is certain that at least **some** of the putative class members are or were actually members of a gang. This inquiry would also require the Court to engage in tens of thousands of individualized inquiries tantamount to mini-trials on the merits of each putative plaintiff's case in order to determine proper membership in the class. This process would undermine the very purpose of a class action, as "certification under Rule 23(b)(2) is appropriate only where injunctive or declaratory relief applies to the class as a whole," which is not the case here. MacNamara, 275 F.R.D. at 141. As such, the putative class membership should not be certified by the Court.

## POINT III

### PLAINTIFFS FAIL TO ALLEGE COMMISSIONER TISCH, CHIEF KENNY, OR RETIRED ASSISTANT CHIEF HART'S PERSONAL INVOLVEMENT

"As a fundamental prerequisite '[t]o establishing a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" Gunn v. Annucci, No. 20 CV 02004 (PMH), 2021 U.S. Dist. LEXIS 82284, at *17 (S.D.N.Y. Apr. 29, 2021) (quoting Boley v. Durets, 687 F. App'x 40, 41 (2d Cir. 2017)). "Fail[ure] to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" Id. (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)). "[T]he Court of Appeals rejected 'a special test for supervisory liability,'" and so any alleged constitutional violation "'must be established against the supervisory official directly.'" Greene v. City of New York, 773 F. Supp. 3d 94, 114 (S.D.N.Y. 2025) (quoting Tangretti v. Bachmann, 983 F.3d 609, 620, 618 (2d Cir. 2020)).

Here, plaintiffs fail to allege Commissioner Tisch, Chief Kenny, or retired Assistant Chief Hart had any personal involvement in connection with their claims. With regard to Hart, plaintiffs allege he "is the Assistant Chief of the Intelligence Bureau of the NYPD" and

that, in this role, he "manages and sets policy for the NYPD's Intelligence Bureau, including the Field Intelligence Officer program, where ranking uniformed officers deployed to each NYPD precinct collect and disseminate intelligence on criminal groups and recommend people for entry into the Database." Compl., ¶25. This is the only reference to retired Assistant Chief Hart in the entirety of the 106 page, 447-paragraph Complaint – besides the caption and prayer for relief. Clearly, plaintiffs have failed to allege any personal involvement on his part, let alone sufficient personal involvement to sustain any claim against him. Tangretti, 983 F.3d 618-20.

With regard to Tisch, plaintiffs claim that "[a]s Commissioner, Tisch has final policymaking authority with respect to the NYPD." Compl., ¶23. With regard to Kenny, plaintiffs allege he "manages and sets policy for the NYPD's Detective Bureau and its specialized divisions," including those that "monitor social media" to identify gang members and those that review and approve Database entries. Compl., ¶24. Plaintiffs, however, "make[] no specific allegations that the Policymaker Defendants were personally involved in any alleged violations of [their] constitutional rights." Morales v. City of New York, No. 24 CV 1866 (HG), 2025 U.S. Dist. LEXIS 142860, at *17 (E.D.N.Y. July 25, 2025); see In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383, 410-11 (S.D.N.Y. 2021) (claim against police commissioner in his individual capacity dismissed as plaintiffs failed to allege personal involvement). As such, any claim against Commissioner Tisch, Chief Kenny, or retired Assistant Chief Hart fails as a matter of law.[2]

---

[2] To the extent their involvement is limited to their responsibility as final policymakers – which is debatable for Kenny and Hart –that argument is not sufficient to impose liability. See Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986). The existence of the Database alone is not unconstitutional, and so any policymaker that was responsible for establishing the Database cannot be held liable simply for its existence.

## POINT IV

## PLAINTIFFS' CLAIMS FAIL AND SO THE COMPLAINT MUST BE DISMISSED

Plaintiffs "Adam," "Bryan," and "Chris" – or plaintiffs 1, 2, and 3 – have failed to plead any individual claims beyond the class allegations. Specifically, despite the fact that the anonymous "plaintiffs" have set out detailed allegations regarding their supposed interactions with the NYPD, each of their claims is plead by "All Individual Plaintiffs on Behalf of the Plaintiff Class Against All Defendants." Compl., Counts I-IX. As plaintiffs have only alleged class allegations, and as class certification must be denied, see supra Points I and II, their Complaint must be dismissed for failure to state a claim.

### A.    Plaintiffs' Federal Claims Fail as a Matter of Law

Even if the Court were to consider plaintiffs' federal law claims as separate from the class allegations, they must be dismissed for the same reason class certification pursuant to FED. R. CIV. P. 23(b)(2) must be denied – failure to demonstrate standing to seek injunctive relief. See supra Point I. "In order to meet the constitutional minimum of standing to seek injunctive relief, [a plaintiff] must carry the burden of establishing that 'he sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain, 356 F.3d at 215 (quoting Lyons, 461 U.S. at 101-02). "[S]ubjective fear is insufficient to state a basis for an injunction in the absence of objective criteria indicating that the recurrence of the unlawful conduct is relatively likely to occur." Medina v. City of New York, No. 19 Civ. 9412 (AJN), 2020 U.S. Dist. LEXIS 222887, at *18 (S.D.N.Y. Nov. 30, 2020). Indeed, "[a]bstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Lyons,

461 U.S. at 101-02; see MacNamara, 275 F.R.D. at 140 (declaratory and injunctive relief for alleged future harm of potential arrest at future demonstrations was "too speculative and conjectural to supply a predicate for prospective injunctive relief.").

Here, even assuming plaintiffs had set forth individual claims for violations of equal protection and due process under the Fourteenth Amendment; free speech, expression, and association under the First Amendment; and excessive detention under the Fourth Amendment – they did not – plaintiffs are seeking declaratory and injunctive relief based on conjecture. Though "Adam," "Bryan," and "Chris" have set out details regarding their alleged prior interactions with NYPD, plaintiffs remain anonymous and their allegations unconfirmed. But even assuming the facts as true, plaintiffs have offered no basis that any injury or threat of injury is both "real and immediate." Even assuming plaintiffs' allegations to be true, past injury cannot be the basis for future injury. See also, supa Points I and II.

Further, plaintiffs have not, and cannot, identify any current municipal policy or practice of entering Black and Hispanic individuals into the Database to the exclusion of white individuals. See generally, Compl. Notwithstanding the fact that plaintiffs failed to set out a Monell claim as a class allegation, they argue that the City and NYPD "developed and maintained formal (written) and de facto (unwritten) interrelated policies, widespread informal practices, and/or customs." Compl., ¶397. Plaintiffs further argue that "Defendants carried out these interrelated policies and widespread practices, at least in part, because of the racially discriminatory effects they have on Black and Latino people," resulting in the violations of plaintiffs' – and the putative class members' – rights. Compl., ¶¶398-401. But plaintiffs make only vague and general references to "[o]fficial NYPD policy," Compl., ¶177; "policy and

practice," id. at ¶211; and "official Departmental policy," id. at ¶247. These allegations are insufficient to show municipal policy or custom attributable for the alleged misconduct.

Plaintiffs also argue that the City "failed, and continues to fail, to adequately train NYPD officers on the legal and factual bases for designating individuals as members of a criminal group." Compl., ¶¶402-03. But a claim for failure to train or supervise must rise to the level of "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); see Jenkins v. City of New York, 478 F.3d 76, 94 (2d. Cir. 2007). Deliberate indifference is a high threshold and "requires a showing that the official made a conscious choice, and was not merely negligent." Jones v. Town of East Haven, 691 F.3d 72, 81 (2d Cir. 2012). Moreover, a plaintiff must identify "a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004) (quoting Canton, 489 U.S. at 391)). In other words, a plaintiff must demonstrate the deficiencies resulted from "'a faulty training program,'" not "negligent implementation of a sound program or other, unrelated circumstances." Id. at 120-30.

Here, plaintiffs' argument is deficient as they fail to offer any factual details to support any allegations of inadequate training, supervision and/or discipline. See Tieman v. City of Newburgh, No. 13 CV 4178 (KMK),  2015 U.S. Dist. LEXIS 38703, at *66-68 (S.D.N.Y. Mar. 26, 2015). They make only vague references to alleged, unspecified NYPD training materials used in connection with the Database. Compl., ¶¶140-46. This is not sufficient to support a claim for failure to train. As such, plaintiffs' federal law claims must be denied.

## B.    Plaintiffs' State Law Claims Fail as a Matter of Law

Even in a federal action, to bring a state law claim, a plaintiff must comply with the requirements of New York General Municipal Law, which state that "[n]o action . . . shall be

prosecuted or maintained against a city . . . or employee . . . unless a notice of claim shall have been made and served upon the city." N.Y. GEN. MUN. LAW § 50-i(1). Service of a notice of claim upon a municipality is a condition precedent to maintaining a tort action against the municipality or any of its officers, agents, or employees acting within the scope of their employment. See N.Y. GEN. MUN. LAW §§ 50-e; 50-i(1); see also Johnson v. City of New York, No. 15 Civ. 8195 (GHW), 2017 U.S. Dist. LEXIS 81359, at *15-16 (S.D.N.Y. May 26, 2017). The notice of claim must be served "within ninety days after the claim arises." N.Y. GEN. MUN. LAW § 50-e(1)(a). Further, when alleging a tort action against a municipality or its agents, a plaintiff's complaint must plead "that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999). Moreover, "New York's General Municipal Law § 50-i provides a one year and ninety day statute of limitations for tort claims against a municipality and its officers." Feinberg v. City of New York, No. 09 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098, at *13 (S.D.N.Y. Aug. 13, 2004).

　　　　　Here, plaintiffs' state law claims fail because the Complaint fails to plead service of notices of claim. Courts have routinely held that "[f]ailure to comply with these [notice of claim] requirements ordinarily requires a dismissal for failure to state a cause of action." Hardy, 164 F.3d at 793-94. Given plaintiffs' attempt to proceed anonymously, Defendants do not have plaintiffs' names and thus cannot determine whether or not they filed notices of claim. But even if plaintiffs filed notices of claim, they nevertheless failed to satisfy the pleading requirements of General Municipal Law § 50-i. As such, plaintiffs' state law claims of equal protection and due process violations, First and Fourth Amendment violations, and violation of the New York City

Administrative Code are deficient, regardless of the Court's determination on class certification. As such, even if the Court were to entertain plaintiffs' state law claims, they fail as a matter of law. See Perkins v. City of New York, No. 14 Civ. 3779 (WHP), 2017 U.S. Dist. LEXIS 37046, at *10-11 (S.D.N.Y. Mar. 15, 2017) (plaintiff must "affirmatively plead that he has complied with the notice of claim requirement").

## POINT V

### PLAINTIFFS MOTION TO PROCEED ANONYMOUSLY SHOULD BE DENIED

Plaintiffs seek a drastic and unusual request – the right to proceed with their claims against Defendants anonymously. In evaluating this request, the Court must balance the plaintiffs' interest in anonymity against both the public interest in disclosure and any prejudice to the defendants. See Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 189 (2d Cir. 2008).[3] Anonymity should only be permitted when the factors set forth by the Second Circuit weigh clearly in favor of the plaintiff and against the defendant. This is because "there is a presumption that a plaintiff will proceed under h[is] own name, such that 'pseudonyms are the exception and not the rule.'" Doe v. Alexander, No. 25 Civ. 2077 (JPC), 2025 U.S. Dist. LEXIS 109240, at *5 (S.D.N.Y. June 9, 2025) (quoting United States v. Pilcher, 950 F.3d 39, 45 (2d Cir. 2020)). "The burden is therefore on the party seeking anonymity to 'make a case rebutting' the presumption in favor of public disclosure." Id.

Here, the instant Complaint presents no greater risk of harm to plaintiffs than any other Complaint brought against the City or its employees. Moreover, plaintiffs "chose[] to bring

---

[3] In Sealed Plaintiff, the Second Circuit "set forth the standard governing the use of pseudonyms in civil litigation in [the] Circuit." 537 F.3d at 189. The holding in Sealed Plaintiff, however, is not dispositive here as the facts are distinct – specifically, Sealed Plaintiff involved rape allegations against made municipal defendants.

this lawsuit" and "made serious charges and has put [their] credibility in issue. Fairness requires that [they] be prepared to stand behind [their] charges publicly." Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). For the reasons set forth herein, plaintiffs fail to satisfy the factors set forth by the Second Circuit and so their request should be denied.

> **A.    No "Highly Sensitive and Personal Information" at Issue (Factor 1)**

The first factor to consider is "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature." Sealed Plaintiff, 537 F.3d at 190 (internal citation omitted). "Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." Doe v. McLellan, No. CV 20-5997 (GRB) (AYS), 2020 U.S. Dist. LEXIS 232551, at *3 (E.D.N.Y. Dec. 10, 2020). But "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" Id. at *3-4 (internal citation omitted).

Plaintiffs clearly fail to satisfy this factor. Courts have allowed plaintiffs to proceed anonymously when they have shown much more highly sensitive, personal information than is at issue here – the plaintiffs' purportedly false gang affiliation. Gang affiliation – true or false – is nowhere near as sensitive or personal as rape, sexual assault, or neglect and abuse of minors. But even in such highly sensitive situations, such relief is still not often granted. See Doe v. Leonelli, No. 22 CV 3732 (CM), 2022 U.S. Dist. LEXIS 100895, at *5 (S.D.N.Y. June 6, 2022) (alleged sexual assault at the hands of a priest alone is "'not sufficient to entitle a plaintiff to proceed under a pseudonym'") (quoting Rapp v. Fowler, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); Doe v. Branca USA, Inc., No. 22 CV 3806 (LJL), 2022 U.S. Dist. LEXIS 124177, at *1 (S.D.N.Y. July 13, 2022) (anonymity denied despite claims "involve[ing] allegations of the most intimate, sensitive, and personal nature"). Put simply, anonymity is the exception, not the norm.

Plaintiffs do not point to any case where a court found similar information to be highly sensitive and personal. See Matthews v. N.Y. State Dept. of Corrections & Community Supervision, 2018 WL 11697266 (N.D.N.Y. Oct 19, 2018) (defendants, not plaintiffs, sought and were granted anonymity – unopposed – due to the highly sensitive nature of their specialized work).[4] Plaintiffs argue that if their identities become known, "the Federal Government" – not the City – "could theoretically threaten individuals in the Database with deportation or other enforcement actions without due process." Anon. Mot. 18-19. This **_theoretical_** argument stretches credulity. In the cases plaintiffs cite where anonymity was granted, those plaintiffs had specific, concrete concerns for their safety, and particularly their immigration status. Plaintiffs "Adam," "Bryan," and "Chris" fail to set forth any such tangible concern here.

### B.    Neither Risk of Retaliatory Harm to Plaintiffs or Non-Parties, Nor Likelihood or Severity of Other Harm (Factors 2 and 3)

The second and third factors are "'whether identification poses a risk of retaliatory physical or mental harm" to the party that seeks anonymity and "'whether identification presents other harms and the likely severity of those harms.'" McLellan, 2020 U.S. Dist. LEXIS 232551, at *2 (quoting Sealed Plaintiff, 537 F.3d at 190). "Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." Id. Further, "prior knowledge of a plaintiff's identity by the defendants weighs against granting a motion to proceed anonymously." Id. at 4. "Moreover, some courts have suggested that a plaintiff should submit medical documentation to support the alleged harm they will suffer if they were not permitted to proceed anonymously." Doe v. Skyline Autos. Inc., 375 F. Supp. 3d 401, 406

---

[4] Plaintiffs rely on several other cases that not only lack support for their position, but also are from varying Circuits other than the Second Circuit and are thus not binding here.

(S.D.N.Y. 2019) (citing <u>Doe v. New York</u>, No. 15 Civ. 117 (AJN), 2016 U.S. Dist. LEXIS 16344, at *7 (S.D.N.Y. Feb. 4, 2016)).

Plaintiffs allege they have been harassed and targeted by NYPD officers for years, based on their inclusion in the Database. <u>See</u> <u>generally</u> Anon. Mot. They set forth a litany of supposed harms and NYPD interactions in the declarations annexed to their motion. <u>See</u> ECF Nos. 2-2; 2-3; 2-4. But plaintiffs "submit[] no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm. Plaintiff[s] simply project[] generalized harm, and more is required for [them] to satisfy [their] burden" as the only harms alleged are speculative. <u>Skyline Autos. Inc.</u>, 375 F. Supp. 3d at 406. Moreover, if the NYPD is already aware of plaintiffs' identities, as they allege continued harassment by any number of unidentified officers, this prior knowledge weighs against their need for anonymity. And the alleged harm to plaintiffs' family and friends is even more conclusive, speculatory, and attenuated, further undermining any need for anonymity.

C.    **Plaintiffs Are Not "Particularly Vulnerable" (Factor 4)**

Plaintiffs concede that they are not "'particularly vulnerable to the possible harms of disclosure . . . particularly in light of [their] age.'" <u>McLellan</u>, 2020 U.S. Dist. LEXIS 232551, at *5 (quoting <u>Sealed Plaintiff</u>, 537 F.3d at 190). Nevertheless, plaintiffs argue – unconvincingly – that their identities should be shielded in order to protect their minor children. But allegations of harm to their minor children is even more speculative than the potential harm to plaintiffs. And plaintiffs fail to cite any support of their novel position that their identities must be shielded to protect non-party family members. <u>Cf.</u> <u>Doe v. Salina</u>, No. 23 CV 3529 (JMW), 2024 U.S. Dist. LEXIS 53006, at *14 (E.D.N.Y. Mar. 25, 2024) (where plaintiffs' parents, who brought suit on behalf of their children, were granted anonymity to protect the minor children that were actually party to the case). Plaintiffs cannot satisfy this factor.

**D.    Public Interest Is Furthered by Disclosure, and the Nature of the Issues Presented Are Not "Purely Legal" (Factors 8 and 9)**

Courts must determine "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." <u>Sealed Plaintiff</u>, 537 F.3d at 190. Courts must also decide "'[w]hether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities.'" <u>Leonelli</u>, 2022 U.S. Dist. LEXIS 100895, at *11 (internal citation omitted). When "'the litigation involves, not abstract challenges to public policies, but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.'" <u>McLellan</u>, 2020 U.S. Dist. LEXIS 232551, at *9-10 (internal citation omitted). This is because "'open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.'" <u>Doe v. Weinstein</u>, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (internal citation omitted).

Here, plaintiffs are not presenting a "purely legal" issue. Rather, they have alleged the Database to be unconstitutional based on the impact it has on plaintiffs, as well as the putative class members. Thus, the "analysis and litigation in this case will be factual in nature," as the litigation will involve individualized fact-inquiries into each potential class member. <u>McLellan</u>, 2020 U.S. Dist. LEXIS 232551, at *10. The ninth factor, therefore, weighs in Defendants' favor. And the public's interest in this litigation will certainly be furthered by disclosure of plaintiffs' identities, as the public's interest in the Database and alleged repercussions is at its peak. [5] Indeed, plaintiffs' own complaint was featured in a full-length segment of John Oliver's Last Week

---

[5] Plaintiffs' reliance on <u>Malibu Media, LLC v. Doe</u> is misplaced as that Court addressed the public's interest in defendant – not plaintiff – proceeding anonymously. 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. Oct. 16, 2015).

Tonight.[6] This issue is clearly now in the public spotlight, with significant public interest, weighing significantly in favor of disclosing plaintiffs' identities.

### E.    Defendants Are Prejudiced by Anonymity (Factor 6)

This factor "requires the Court to analyze the prejudice Defendants will face if Plaintiff were to proceed anonymously. Doe v. Combs, No. 23 CV 10628 (JGLC), 2024 U.S. Dist. LEXIS 35495, at *12 (S.D.N.Y. Feb. 29, 2024). Among the factors for the court to consider are "'the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously.'" Id. (quoting Doe v. Townes, No. 19 CV 8034 (ALC) (OTW), 2020 U.S. Dist. LEXIS 83550, at *5 (S.D.N.Y. May 12, 2020)). "'[F]undamental fairness suggests that defendants are prejudiced" when forced to defend themselves publicly while plaintiffs hide "behind a cloak of anonymity." Rapp, 537 F. Supp. 3d at 531-32.

Here, "the most significant form of prejudice to Defendants . . . is the discovery disadvantage that Plaintiff[s'] anonymity would present. A plaintiff who levies serious allegations 'puts [their] credibility in issue.'" Combs, 2024 U.S. Dist. LEXIS 35495, at *12 (quoting Leonelli, 2022 U.S. Dist. LEXIS 100895, at *5). This results in "'asymmetry in fact-gathering,'" which "is more profound in cases involving substantial publicity," because this may lead to "information about only one side" being brought light as a result. Id.

Here, plaintiffs fail to set forth any case law in support of their position. But allowing plaintiffs to remain anonymous will severely undermine Defendants' ability to discover relevant information about plaintiffs and defend their case. Plaintiffs have alleged an extensive set of facts in connection with the class allegations, including specific allegations regarding plaintiffs' interactions with various members of the NYPD. If plaintiffs are allowed to proceed

---

[6] Available at https://www.youtube.com/watch?v=rlR8d9JVWtQ&themeRefresh=1.

anonymously, Defendants will be unable to investigate the claims and will be significantly disadvantaged in mounting their own defense.

### F.  Alternative Methods for Confidentiality Irrelevant (Factor 10)

Plaintiffs fail to even address the substance of this factor, merely repeating their conclusory argument that anonymity is warranted. Defendants dispute their conclusory, and unsupported, argument – that "Plaintiffs are bravely challenging the government and NYPD," and "fear retaliation," necessitating the protection of anonymity. Anon. Mot., 27. Plaintiffs fail to distinguish how their case differs from the thousands of active cases currently being litigated against the City and/or the NYPD. This is because plaintiffs cannot distinguish their case – nothing makes them any different than the plaintiffs in Floyd or Stinson.[7] There is nothing more sensitive here than in other actions brought against the NYPD.

And even assuming plaintiffs' arguments as true, plaintiffs "can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order." Weinstein, 484 F. Supp. 3d at 98. Yet plaintiffs failed to address these alternative methods for confidentiality.[8]

---

[7] In Floyd, class representatives brought a class action challenging the NYPD's alleged practices of racial profiling and unconstitutional stop and frisks on behalf of Black and Latino New Yorkers. In Stinson, class representatives brought a class action alleging the NYPD engaged in a widespread pattern and practice of issuing summonses to individuals without probable cause. Floyd and Stinson both featured far reaching allegations of police misconduct similar to the instant Complaint, yet none of named representative plaintiffs in those matters were designated anonymous. Plaintiffs here fail to distinguish their case from similar cases like Floyd and/or Stinson, or to articulate why they warrant additional protection.

[8] Defendants note that, separate from their motion for anonymity, plaintiffs did raise the issue of a protective order with Defendants. Plaintiffs' proposed protective order, however, was so limiting that it would handcuff Defendants' ability to investigate the claims and would result in the same effect as anonymity. Nor were plaintiffs amenable to even limiting the terms of a protective order until such time as the Court decides their motion so that Defendants could investigate their claims. Plaintiffs were not willing to compromise on this issue.

### G.    Suit Is Challenging the Government (Factor 5)

"While a suit against the government is often a factor that weighs in favor of permitting a plaintiff to proceed anonymously, courts have also determined that it can weigh against the use of a pseudonym." Doe v. United States, No. 16 CV 7256 (JGK), 2017 U.S. Dist. LEXIS 83745, at *7 (S.D.N.Y. May 31, 2017). This factor can "cut against [plaintiffs'] position [when] the involvement of the government indicates that there is a public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function in resolving disputes." Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001). Such is the case here – plaintiffs are seeking to be class representatives for a putative class action. The facts of their claims are critical to determining class membership.[9]

### H.    Plaintiffs Have Been Kept Confidential (Factor 7)

This is the only factor in plaintiffs' favor, and it also the weakest. As no one factor is dispositive, the simple fact that plaintiffs remain anonymous this early in the litigation does not tip the scale in favor of plaintiffs. In evaluating and weighing all of the Sealed Plaintiff factors, it is clear anonymity is not warranted here.

---

[9] The case law cited by plaintiffs in support of this factor is unpersuasive. Freedom from Religious Found., Inc. v. Connellsville Area Sch. Dist., a decision from the Third Circuit, was bereft of facts and did not provide support for its determination on this factor. No. 2:12 CV 1406, 2013 U.S. Dist. LEXIS 73584 (W.D. Pa. May 24, 2013). In Sikhs for Just. v. Mann, plaintiffs feared retribution over their religious beliefs in their own country, not in New York or the United States. No. 23 CV 2578 (AT), 2023 U.S. Dist. LEXIS 62770 (S.D.N.Y. Apr. 10, 2023). And in Plaintiffs #1-21 v. Cty. of Suffolk , the Court also held "the fact that a group of plaintiffs is suing the government or seeking to challenge a government policy does not, by itself, justify granting a motion to proceed anonymously because doing so 'would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation.'" 138 F. Supp. 3d 264, 275 (E.D.N.Y. 2015) (internal citation omitted).

**POINT VI**

**THE FULLY DISPOSITIVE NATURE OF DEFENDANTS'
MOTION WARRANTS A STAY OF DISCOVERY**

Under FED. R. CIV. P. 26(c), a court may stay discovery "for good cause." Id.

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery

pursuant to Rule 26(c)." Marsh v. Williams, No. 22 Civ. 8920 (JPC), 2023 U.S. Dist. LEXIS

34161, at *3 (S.D.N.Y. Feb. 27, 2023). "When deciding whether the moving party has shown

good cause, courts in the Second Circuit consider: '(1) [w]hether the defendant has made a strong

showing that plaintiff's claims are unmeritorious; (2) [t]he breadth of discovery and burden of

responding to it; and (3) [t]he risk of unfair prejudice to the party opposing the stay.'" Lawson v.

Rubin, No. 17 CV 6404 (BMC), 2018 U.S. Dist. LEXIS 238295, at *4 (E.D.N.Y. Mar. 7, 2018)

(internal citation omitted). "The 'strong showing that plaintiff's claim is unmeritorious' standard

can also be described as a showing of 'substantial arguments for dismissal.'" Id.

"A stay of discovery pending resolution of a potentially dispositive motion is

appropriate 'where the motion appear[s] to have substantial grounds or, stated another way, do[es]

not appear to be without foundation in law.'" Williams v. N.Y. State Office of Mental Health,

No. 10 CV 1022 (SLT) (JO), 2011 U.S. Dist. LEXIS 61266, at *2-3 (E.D.N.Y. June 8, 2011)

(internal citation omitted); see also Zunzurovski v. Finger, No. 23 CV 4883 (VM), 2023 U.S.

Dist. LEXIS 187066, at *4 (S.D.N.Y. Oct. 12, 2023) ("Where, as here, Defendants file dispositive

motions that are potentially meritorious, this Court regularly grants motions to stay discovery.")

(citing cases). This is important, for "when a decision on a dispositive motion 'may significantly

narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the

motion is pending would waste the parties' resources and would constitute an undue burden.'"

Zunzurovski, 2023 U.S. Dist. LEXIS 187066, at *4 (internal citation omitted). This is because

"no discovery will be necessary . . . if Defendants' fully dispositive motions are granted," rendering the discovery conducted during the pendency of the motion "wholly unnecessary." Id.

A stay of discovery is warranted here. ***First***, Defendants have made a strong showing that plaintiffs' claims are unmeritorious. See supra Points I to V. ***Second***, the breadth of discovery and burden of responding also weighs in favor of a stay. Plaintiffs allege sweeping claims of discrimination and constitutional violations in connection with what they purported to be a class action – and so the breadth and volume of discovery will be extensive. ***Third***, there is no risk of unfair prejudice. Plaintiffs seek injunctive relief in connection with the City's policies and practices from 2013 to present, and there is no risk that memories will fade or evidence will dissipate. Accordingly, the Court should stay discovery pending the resolution of these motions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court (i) deny plaintiffs' motion for class certification; (ii) grant Defendants' motion pursuant to FED. R. CIV. P. 12; (iii) deny plaintiffs' motion to proceed anonymously; (iv) grant a stay of discovery, pending the resolution of the instant motion practice; and for such other and further relief as the Court deems proper and just.

Dated: New York, New York
        August 28, 2025

                                        MURIEL GOODE-TRUFANT
                                        CORPORATION COUNSEL
                                            OF THE CITY OF NEW YORK
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        kareilly@law.nyc.gov


                        By:     _____
                                KATHLEEN D. REILLY
                                Senior Counsel
                                Special Federal Litigation Division

- 25 -

## <u>LOCAL CIVIL RULE 7.1 CERTIFICATION</u>

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total

number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes,

is 7,564. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated:      New York, New York
            August 28, 2025

                                        MURIEL GOODE-TRUFANT
                                        CORPORATION COUNSEL
                                             OF THE CITY OF NEW YORK
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        kareilly@law.nyc.gov


            By:         _Kathleen Reilly_____

                        KATHLEEN D. REILLY
                        Senior Counsel
                        Special Federal Litigation Division