25 CV 2397 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Plaintiffs 1-3, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

- against -

THE CITY OF NEW YORK; JESSICA S. TISCH, Police Commissioner for the City of New York, in her official capacity; JOSEPH KENNY, Chief of Detectives for the New York City Police Department, in his official capacity; and JOHN HART, Assistant Chief of Intelligence for the New York City Police Department, in his official capacity;

*Defendants*.

## **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND STAY DISCOVERY**

MURIEL GOODE-TRUFANT
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Tisch, Kenny, and Hart*
100 Church Street
New York, New York 10007
(212) 356-2368

Of Counsel: Kathleen D. Reilly, Esq.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

ACLU v. Clapper,
   785 F.3d 787 (2d Cir. 2015)...........................................................................................3

Carmody v. Vill. of Rockville Ctr.,
   661 F. Supp. 2d 299 (E.D.N.Y. 2009) ............................................................................9

Colon v. City of New York,
   19 Civ. 10435 (PGG) (SLC), 2021 U.S. Dist. LEXIS 8931
   (S.D.N.Y. Jan. 15, 2021)..................................................................................................7

Daniels v. City of New York,
   198 F.R.D. 409 (S.D.N.Y 2001) .....................................................................................4

Deshawn E. by Charlotte E. v. Safir,
   156 F.3d 340 (2d Cir. 1998)............................................................................................2

Diamond Alt. Energy, LLC v. EPA,
   145 S. Ct. 2121 (2025)................................................................................................1, 2

Doe v. Putnam Cty.,
   344 F. Supp. 3d 518 (S.D.N.Y. 2018)..........................................................................2, 3

Drees v. Cnty. of Suffolk,
   No. 06 CV 3298, 2007 WL 1875623 (E.D.N.Y. June 27, 2007).....................................9

Monell v. Dep't of Soc. Servs.,
   436 U.S. 658 (1978)...............................................................................................4, 5, 9

Morales v. City of New York,
   No. 24 CV 1866 (HG), 2025 LX 271760 (E.D.N.Y. July 25, 2025)............................8, 9

Neurological Surgery Prac. of Long Island, PLLC v. United States HHS,
   145 F.4th 212 (2d Cir. 2025) ..........................................................................................2

In re New York City Policing During Summer 2020 Demonstrations,
   548 F. Supp. 3d 383 (S.D.N.Y. 2021)..........................................................................8, 9

Phillips v. Cty. of Orange,
   894 F. Supp. 2d 345 (S.D.N.Y. 2012).............................................................................8

Rini v. Zwirn,
   886 F. Supp. 270 (E.D.N.Y. 1995) .................................................................................9

Salahuddin v. N.Y.C. Dep't of Educ.,
    No. 15 CV 6712-LTS-DCF (S.D.N.Y. Sep. 29, 2016) ................................................................7

Santostefano v. Middle Country Cent. Sch. Dist.,
    2017 NY Slip Op 09188, 156 A.D.3d 926 (2d Dep't. 2017) ......................................................7

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004) ................................................................................................2, 3

Tchatat v. City of New York,
    14 Civ. 2385 (LGS) 2015 U.S. Dist. LEXIS 115093 (S.D.N.Y. Aug. 28, 2015) .......................5

Vida Press v. Dotcom Liquidators, Ltd.,
    No. 2:22-CV-2044 (HG) (JMW), (E.D.N.Y. Nov. 22, 2022) ...................................................10

Wells Fargo Bank, N.A. v. United States Life Ins. Co. in the City of N.Y.,
    No. 1:22-cv-08606-JPC, 2023 LX 37192 (S.D.N.Y. Jan. 20, 2023) ..........................................9

Zunzurovski v. Finger,
    No. 23 CV 4883 (VM), 2023 U.S. Dist. LEXIS 187066
    (S.D.N.Y. Oct. 12, 2023) .....................................................................................................9, 10

**PRELIMINARY STATEMENT**

The Criminal Group Database ("Database") is an investigatory tool used by the New York City Police Department ("NYPD") to monitor "criminal groups," "gangs," and "crews." Plaintiffs' allegations that the Database allows Defendants to apply the Database's criteria discriminatorily and that Defendants use the Database unlawfully to surveil, stop, and detain individuals in the Database, including the class representatives, is simply wrong. The Database is a valuable tool that provides NYPD officers additional information in conducting investigations and arrests. Any disparate, discriminatory effect plaintiffs may be able to allege cannot be said to have been caused by the Database – and plaintiffs must allege causation for any of their claims to succeed. As such, and for the reasons set forth herein and more fully in their opening brief, Defendants respectfully request that this Court (i) grant Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12 and for a stay of discovery; and (ii) deny plaintiffs' motions for class certification and to proceed anonymously.[1]

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS FAIL AND SO THE COMPLAINT MUST BE DISMISSED**

A.  **Plaintiffs' Federal Claims Fail as a Matter of Law**

The Supreme Court has "'established that the irreducible constitutional minimum of standing contains three elements": injury in fact, causation, and redressability. Diamond Alt.

---

[1] Defendants' decision not to move on certain grounds in no way operates as a concession that plaintiffs' plausibly allege their claims – specifically, Defendants did not, and do not, concede anything regarding plaintiffs' satisfaction of Rule 23(a). Given plaintiffs' unilateral filing of the complaint as John Doe plaintiffs without prior Court-approval and refusal to provide defendants with any information regarding their identities – even pursuant to a confidentiality stipulation – Defendants were precluded from investigating plaintiffs' individual claims prior to the time their opposition to certification was due.

Energy, LLC v. EPA, 145 S. Ct. 2121, 2133 (2025) (quoting Lujan v. Defenders of Wildlife, 504 U. S. 555, 560 (1992)). "The first requirement, injury in fact, requires the plaintiff to demonstrate an injury that is 'concrete,' 'particularized,' and 'actual or imminent, not speculative.'" Diamond Alt. Energy, LLC, 145 S. Ct. at 2133 (internal citation omitted). The second requirement, "[c]ausation[,] requires the plaintiff to show 'that the injury was likely caused by the defendant,'" and the third, "redressability[,] requires the plaintiff to demonstrate 'that the injury would likely be redressed by judicial relief.'" Id. (quoting TransUnion LLC v. Ramirez, 594 U. S. 413, 423 (2021)). "Importantly, '[the] plaintiff must demonstrate standing for each claim and form of relief sought.'" Neurological Surgery Prac. of Long Island, PLLC v. United States HHS, 145 F.4th 212, 225 (2d Cir. 2025) (quoting Cacchillo v. Insmed, Inc., 638 F.3d 401, 404 (2d Cir. 2011)).

Here, the class representatives do not adequately plead imminent and ongoing injuries sufficient to establish injunctive standing. Plaintiffs 1-3 purportedly suffered a variety of constitutional allegations based upon their supposedly wrongful designation as members of a criminal group – allegations Defendants dispute, as they cannot investigate said allegations while plaintiffs remain anonymous. But it is speculative to allege any injury – *i.e.*, any detention by the NYPD – was a result of their inclusion in the Database. Such injury is not "concrete."

The class representatives also lack standing because to demonstrate "a likelihood that he or she will be injured in the future," the "plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998); see Shain v Ellison, 356 F.3d 211, 215 (2d Cir. 2004). And "'[f]or an injury to be 'actual or imminent,' Plaintiffs must show that they have sustained or are immediately in danger of sustaining some direct injury, that is not conjectural or hypothetical.'" Doe v. Putnam Cty., 344 F. Supp. 3d 518, 529 (S.D.N.Y. 2018) (quoting Mosdos Chofetz Chaim,

Inc. v. Vill. Of Wesley Hills, 701 F. Supp. 2d 568, 582 (S.D.N.Y. 2010)). The instant matter is distinguishable from Doe, where the court found plaintiff had alleged he "suffer[ed] a direct constitutional injury to his due process right to privacy by this information being a matter of public record which Putnam County would be required to provide to any party asking for it." Here, information is gathered and stored in a secure electronic database, but only used as an investigatory tool. The information is not stored for the public record, like the handgun permit records at issue in Doe.

Plaintiffs also cite ACLU v. Clapper, but the subject of that case is distinguishable as well. 785 F.3d 787, 801 (2d Cir. 2015). In Clapper, the issue before the court was bulk collection of telephone metadata by the National Security Agency. Such data is clearly more personal and intrusive in nature – here, officers enter information into the Database based on their observation and investigation, not illegally gathering plaintiffs' metadata. Indeed, much of the same information would be entered into NYPD arrest reports and complaint reports, had plaintiffs been arrested.[2] Plaintiffs point to no case where a law enforcement database was found to be unconstitutional in the same manner as their Complaint.

Further, while plaintiffs may not need to establish standing for each and every member of the putative class, the Court will nevertheless need to determine that the putative class is ascertainable, which it is not. Here, plaintiffs allege they are not members of a criminal group, are aware of their designation in the Database, and have been subjected to unlawful detentions.

---

[2] Plaintiffs' attempt to distinguish City of Los Angeles v. Lyons and Shain v. Ellison as "single, discrete encounter[s]" is also unavailing. (Pls. Br. at 8.) In those cases, the plaintiffs may have had singular encounters with the police; given plaintiffs' anonymity, it is subjective for plaintiffs here to allege they have been subjected to repeated encounters with the NYPD, let alone the expectation that they (or other putative class members) will continue to have such encounters.

(Compl., ¶¶261-387.)[3] The same cannot be said of every putative member of the class, which broadly consists of "[a]ll Black and Latino people who have been, or will be, labelled as a member of a 'crew,' 'gang,' or 'criminal group,' and entered into the NYPD's Criminal Group Database." (Compl., ¶408.)

Plaintiffs argue that "Defendants provide no explanation or authority to support why . . . whether some class members are 'gang members' and whether class members know they have been added to the Database—would have any bearing on standing to challenge Defendants' behavior of relying on, *inter alia*, racially discriminatory methods and tools to devise a list of 'gang members.'" (Pls. Br., 7.) But the explanation is clear: how can a putative class member be part of a class if he or she is properly identified as a gang member? And how can the individual be found to have suffered an injury as a result of inclusion in the Database if he or she is not aware of that fact? There is nothing to redress if the potential class member is unaware of this Database or their inclusion in it.[4] Plaintiffs fail to sufficiently allege standing for injunctive relief, and so any such claims must be dismissed.

**B.      Plaintiffs' Fail to Sufficiently Plead <u>Monell</u>**

Despite plaintiffs' arguments to the contrary, the Complaint fails to sufficiently allege municipal liability. Plaintiffs do not plead the existence of a formal policy, officially

---

[3] Plaintiffs have thwarted defendants' ability to challenge these positions with their extreme and untenable position on anonymity. As a result, Defendants have not been able to meaningfully challenge the adequacy of the currently unnamed and unidentified class representatives.

[4] It is this need for countless individualized, fact-specific inquiries that poses a fatal problem for class certification. In addition to gang membership and knowledge of inclusion in the database, reasonable suspicion (a very fact-specific determination) would also preclude membership in the putative class. Unlike <u>Daniels v. City of New York</u>, where the putative class included persons unlawfully stopped and frisked in a discriminatory manner, here the putative class is all members of the Database. 198 F.R.D. 409 (S.D.N.Y. 2001). The act of including persons in a Database, with nothing else, is not inherently unlawful – unlike <u>Daniels</u>, where the claim was for unlawful stop and frisks.

promulgated or adopted by a municipality. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). In their opposition, plaintiffs argue that "they describe Defendants' policy for determining who should be added to the database, see id. ¶¶42-111, and Defendants' Detention and Interrogation policy, see id. ¶176; see also id. ¶¶222-245." (Pls. Br., 10.) But the cited paragraphs do not identify any formal, written policies—such as the NYPD Patrol Guide or Administrative Guide. Plaintiffs primarily rely on the 2021 Impact and Use Policy (IUP); but this problematic to a Monell claim, since the plaintiffs allege the City's unconstitutional acts began in 2013, and the IUP is from 2021. (Comp., ¶29.) In any event, plaintiffs are only able to identify their purported deficiencies in any policy regarding the Database. They do not allege anything to show the written policies are, on their face, discriminatory.

Plaintiffs also argue that the "NYPD has a policy and practice of selectively enforcing th[e] discriminatory criteria" set forth in the written policy protocols. (Pls. Br., 11.) But Plaintiffs' support for this consists only of their own self-serving statements as well as third party allegations of similar discriminatory use of the Database. Neither of these are demonstrative of a policy and practice of discrimination. Tchatat v. City of New York, 14 Civ. 2385 (LGS) 2015 U.S. Dist. LEXIS 115093, at *28 (S.D.N.Y. Aug. 28, 2015) ("Complaint's citation to news reports . . . are likewise immaterial.")." To the extent plaintiffs rely on the Impact and Use Policies regarding the Database, nothing in the IUPs annexed to the Complaint demonstrates any discriminatory use or intent. Indeed, the DOI report annexed to the Complaint provided that their "investigation did not identify a relationship between inclusion in the CGD and any individual adverse outcomes." (ECF No. 1-4, at 2 of 98.) Recommendations were made, but there was no finding that the Database was discriminatory in any way.

Plaintiffs further argue municipal liability by way of failure to train, which is similarly unavailing. Plaintiffs argue that they "described in detail the NYPD's flawed training program that they challenge. See Compl. ¶¶140-154." (Pls. Br., 12.) But these several paragraphs consist of only unsupported allegations of the NYPD's training, together with three "training slides in a PowerPoint regarding the Database criteria and its application." (Compl., ¶142.) But the purported training PowerPoint is not sufficiently identified; more importantly, the slides plaintiffs cite are taken out of context, particularly when it isn't clear who receives the training and what other training may be given in conjunction with the material plaintiffs included.

In addition, plaintiffs argue that "NYPD public testimony, provided over multiple years, demonstrate[es] the NYPD's awareness of complaints about the racial disparities in the Database, complaints that the NYPD's practices of selective enforcement directly caused those disparities, and the NYPD's failure to address those complaints. See Compl. ¶¶100, 120-133, 388-407." But the NYPD's response to the DOI-OIG Report specifically accepted the recommendation for updated and further training on the Database, agreeing that "[n]ew training will thoroughly explain how to apply and document the three options for entering an individual into the CGD." (ECF No. 1-7, page 3 of 4.) Despite their lengthy and voluminous pleadings, plaintiffs fail to set out any plausible allegations that the Database is discriminatory, and so their municipal liability claim fails as a matter of law.

**C.  Plaintiffs' State Law Claims Fail as a Matter of Law**

Though plaintiffs argue their state law claims fall under two exceptions to the Notice of Claim requirement, the public interest exception and the equitable relief exception, this argument is not as clear as plaintiffs claim. (Pls. Br. 14-15.), That is because "'[a]lthough the notice of claim requirement does not apply when a litigant seeks only equitable relief, or commences a proceeding to vindicate a public interest,' here, the plaintiff sought to vindicate a

private right." Santostefano v. Middle Country Cent. Sch. Dist., 2017 NY Slip Op 09188, ¶ 2, 156 A.D.3d 926, 927 (2d Dep't. 2017) (quoting Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 795 (2d Dep't. 2014), affd 25 NY3d 1051 ((2015)). Further, when the request is detailed as to the money damages claim, this exception does not apply. See Salahuddin v. N.Y.C. Dep't of Educ., No. 15 CV 6712-LTS-DCF, at *5-6 (S.D.N.Y. Sep. 29, 2016) ("Plaintiff's claim here includes a request for back pay and lost wages and benefits . . . This renders her monetary claim sufficiently central to Plaintiff's claim against the DOE to be more than merely an 'incidental' aspect of her case, and Plaintiff is therefore subject to the notice of claim requirement"); see also Colon v. City of New York, 19 Civ. 10435 (PGG) (SLC), 2021 U.S. Dist. LEXIS 8931, at *71 (S.D.N.Y. Jan. 15, 2021) ("In addition, in his demand for relief, although Colon asks for several other types of injunctive and non-monetary relief, he makes no demand for a retraction.").

Here, while plaintiffs are seeking to vindicate a "public interest," they are clearly seeking more than equitable relief in their demand for damages. (Compl., Prayer for Relief d-g.) Indeed, the Complaint contains pages and pages, dozens of paragraphs addressing the vindication of their private rights. (Compl., ¶¶261-387.) And while the named plaintiffs seek equitable relief, this is not the only relief sought – plaintiffs seek damages for extensively plead allegations specific to each purported class representative. (Compl., ¶¶261-387.) As these damages are not incidental, this exception does not apply.

## POINT II

### PLAINTIFFS' CLAIMS AGAINST COMMISSIONER TISCH, CHIEF KENNY, AND RETIRED ASSISTANT CHIEF HART IN THEIR OFFICIAL CAPACITIES FAIL AS A MATTER OF LAW

Plaintiffs argue that they did not allege claims against Commissioner Tisch, Chief Kenny, or retired Assistant Chief Hart in their individual capacities, and so plaintiffs did not need to allege their personal involvement in any alleged constitutional violations. Plaintiffs' claims against the individual defendants in their official capacities nevertheless fails because, as plaintiffs rightly point out, when "Individual Defendants have been sued in their official capacities . . . the municipal entities are the real parties in interest, and thus 'a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.'" Phillips v. Cty. of Orange, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, "'[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" Phillips, 894 F. Supp. 2d at 384 n.35 (quoting O'Connor v. Pierson, 568 F.3d 64, 71 (2d Cir. 2009)).

"[C]ourts in the Second Circuit routinely dismiss official capacity claims against municipal officials as duplicative of the claims against the municipality." In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383, 409 (S.D.N.Y. 2021). This is because "[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Morales v. City of New York, No. 24 CV 1866 (HG), 2025 LX 271760, at *15-16 (E.D.N.Y. July 25, 2025) (quoting Monell, 436 U.S. 658 at 690 n.55). Thus, "[w]here the governmental entity can itself be held liable for damages as a result of its official policy, a suit naming the legislators in their official capacity is redundant.'" In re

New York City Policing, 548 F. Supp. 3d at 408-09 (internal citation omitted) (dismissing claims against mayor, police commissioner, and NYPD Chief of Department, in their official capacities, as duplicative of municipal claims against the City); see, e.g. Carmody v. Vill. of Rockville Ctr., 661 F. Supp. 2d 299, 329 (E.D.N.Y. 2009) (dismissing official capacity claims as redundant); Drees v. Cnty. of Suffolk, No. 06 CV 3298, 2007 WL 1875623, at *19 (E.D.N.Y. June 27, 2007) (same); Rini v. Zwirn, 886 F. Supp. 270, 281-82 (E.D.N.Y. 1995) (dismissing official capacity claims, holding "any official-capacity § 1983 claim" "is a redundant method of stating a claim against the Town itself").

Here, plaintiffs bring a Monell claim against the City, rendering their "claims against the Policymaker Defendants in their official capacities as duplicative of the Monell claim." Morales, 2025 LX 271760, at *16; see In re New York City Policing, 548 F. Supp. 3d at 408-09. Thus, plaintiffs' claims against the Individual Defendants in their official capacities must dismissed.

**POINT III**

**THE FULLY DISPOSITIVE NATURE OF DEFENDANTS' MOTION WARRANTS A STAY OF DISCOVERY**

"[D]istrict courts in this Circuit routinely grant motions to stay discovery finding that a brief stay of discovery pending the resolution of a dispositive motion will not prejudice the non-moving party." Wells Fargo Bank, N.A. v. United States Life Ins. Co. in the City of N.Y., No. 1:22-cv-08606-JPC, 2023 LX 37192, at *8 (S.D.N.Y. Jan. 20, 2023). Here, Defendants have met their burden and shown good cause for a stay of discovery.

*First*, Defendants have filed a dispositive motion that is "potentially meritorious," for which courts regularly grant a stay of discovery. Zunzurovski v. Finger, No. 23 CV 4883 (VM), 2023 U.S. Dist. LEXIS 187066, at *4 (S.D.N.Y. Oct. 12, 2023). When the decision "'may

significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden.'" Id. The merit of Defendants' arguments is for the Court to decide; but if there is the possibility that the issues may be narrowed, or eliminated, a stay of discovery is in the interest of all parties and the Court.

***Second***, while it is true that plaintiffs have yet to propound discovery requests, the allegations in the Complaint make clear the breadth of discovery and burden it will be for Defendants to respond. Plaintiffs have alleged putative class action claims that implicate over 10,000 New Yorkers – and while they challenge Defendants' basis for claiming the anticipated scope of discovery, plaintiffs do not dispute the potential breadth. And perhaps even most importantly, the disposition of this motion is critical to the ability for Defendants to conduct discovery. If plaintiffs' motion to proceed anonymously is unsuccessful, discovery in this litigation will be impacted – lessening the burden on Defendants, given the extensive protections plaintiffs have sought.[5]

***Lastly***, plaintiffs will not be "heavily prejudice[d]" by the minor delay the stay would entail. As plaintiffs have affirmed, "this case is in the earliest stages - the Initial Conference has yet to be held and no discovery schedule has been ordered yet." Vida Press v. Dotcom Liquidators, Ltd., No. 2:22-CV-2044 (HG) (JMW), at *4 (E.D.N.Y. Nov. 22, 2022) (where the Court found "little or no prejudice identified if a stay is granted."). And since plaintiffs' allegations relate to the City's policies and practices from 2013 to present, there is no risk that

---

[5] During the parties' meet and confer regarding the Protective Order in this case, several of plaintiffs' attorneys sought to have mechanisms to be put in place to maintain plaintiffs' anonymity – processes and procedures that the City would not be able to implement without significant cost. Should that motion fail, discovery will be exceedingly less burdensome for Defendants.

memories of witnesses will fade, documents will be difficult to obtain, or evidence will dissipate, during what will likely be a brief stay. Indeed, even if any prejudice would result, the prejudice to plaintiffs would nevertheless be outweighed by the burden on Defendants. As such, the Court should stay discovery pending the resolution of the pending motions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court (i) grant Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12 and for a stay of discovery; and for the reasons set forth in Defendants' opening brief, (ii) deny plaintiffs' motions for class certification and to proceed anonymously; and for such other and further relief as the Court deems proper and just.

Dated: New York, New York
October 16, 2025

MURIEL GOODE-TRUFANT
CORPORATION COUNSEL
OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
kareilly@law.nyc.gov

By: *[signature: Kathleen D. Reilly]*
KATHLEEN D. REILLY
Senior Counsel
Special Federal Litigation Division

# LOCAL CIVIL RULE 7.1 CERTIFICATION

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 2,990. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated:     New York, New York
             October 16, 2025

                                        MURIEL GOODE-TRUFANT
                                        CORPORATION COUNSEL
                                              OF THE CITY OF NEW YORK
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        kareilly@law.nyc.gov

By:     *Kathleen Reilly*
          KATHLEEN D. REILLY
          Senior Counsel
          Special Federal Litigation Division